IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Randy Simpson, | MEMORANDUM DECISION AND ORDER |
| Plaintiff | |
| v. | 2:15-CV-0225-EJF |
| Carolyn Colvin, | |
| Defendant | Magistrate Judge Evelyn J. Furse |

Plaintiff Randy Simpson filed this action asking this Court[1] to reverse or remand the final agency decision denying his Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act, *see* 42 U.S.C. §§ 401–434, 1381–1383f.  The Administrative Law Judge ("ALJ") determined that Mr. Simpson did not qualify as disabled within the meaning of the Social Security Act.  (ECF No. 5, the certified copy of the transcript of the entire record of the administrative proceedings relating to Randy Simpson (hereafter "Tr. __") 22.)  Having carefully considered the parties' memoranda, the complete record in this matter, and the oral argument, the Court REMANDS the Commissioner's decision.

## STANDARD OF REVIEW

42 U.S.C. §§ 405(g) and 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA").  The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards.  42 U.S.C. §405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

---

[1] On July 23, 2015, the parties consented to the undersigned Magistrate Judge deciding this case under 28 U.S.C. § 636(c).  (ECF No. 11.)

1

The Commissioner's findings shall stand if supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).

Adequate, relevant evidence that a reasonable mind might accept to support a conclusion constitutes substantial evidence, and "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).[2]  The standard "requires more than a scintilla, but less than a preponderance."  Lax, 489 F.3d at 1084.  "Evidence is not substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion."  Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988) (internal quotation marks and citations omitted).  Moreover, "[a] finding of 'no substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence."  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks and citations omitted).

Although the reviewing court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's."  Lax, 489 F.3d at 1084 (internal quotation marks and citations omitted).  The court will "review only the *sufficiency* of the evidence."  Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007).  The court does not have to accept the Commissioner's findings mechanically but "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met."  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994) (internal quotation marks and citation

---

[2] Courts apply the same analysis in determining disability under Title II and Title XVI.  See House v. Astrue, 500 F.3d 741, 742 n.2 (8th Cir. 2007).

omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence," and the court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (*quoting Zoltanksi v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In addition to a lack of substantial evidence, the court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

The Social Security Act ("Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the SSA employs a five-part sequential evaluation. *See* 20 C.F.R. §§ 404.1520, 416.920;

*Williams v. Bowen*, 844 F.2d 748, 750-53 (10th Cir. 1988); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant has the initial burden of establishing the disability in the first four steps.  *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy.  *Id.*

Mr. Simpson's asserts the ALJ erred by not evaluating Listing 1.04(A)—Disorders of the spine.  Mr. Simpson believes the ALJ would have found his impairments met or equaled the criteria for Listing 1.04(A) had the ALJ undertaken the analysis.  While the Commissioner concedes the ALJ did not discuss Listing 1.04(A), she argues the Court should defer to the ALJ's statement: "I have considered those listings applicable to the claimant's severe impairments and conclude the claimant's conditions do not meet or medically equal the criteria for any condition listed therein." (Tr. 25.)  The Commissioner further claims the ALJ's finding that Mr. Simpson could perform a limited range of unskilled, sedentary work supports the ALJ's determination that Mr. Simpson did not meet the severity required for any of the relevant listings.

Step three of the sequential evaluation process "asks whether any 'medically severe impairment,' alone or in combination with other impairments," meets or equals "any of a number

of listed impairments so severe as to preclude 'substantial gainful employment.'" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the claimant's impairment(s) meets or equals the listing, the ALJ must find the impairment conclusively disabling.  *See* 20 C.F.R. § 404.1520(d).  If the impairment(s) does not meet or equal the listing, the claimant must establish at step four that his impairment prevents him from performing work he previously performed.  *See* 20 C.F.R. § 404.1520(e), (f).

> To satisfy Listing 1.04, the claimant must show that he has:
>
> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis or vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord.  With:
> > (A) Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04(A).

In *Fischer-Ross*, the Commissioner appealed the district court's decision to remand a case based on insufficient findings at step three.  *See* 431 F.3d at 731.  The ALJ made a conclusory finding, similar to the one made in this case, that the claimant's combination of impairments did not meet or equal "'the criteria of any impairment listed in . . . the Listing of Impairments.'"  *Id.* at 732.  Despite the conclusory finding at step three and in reversing the district court's decision to remand the case, the court applied the ALJ's detailed findings at steps four and five to find the ALJ had made sufficient findings to support a denial of disability.  *See id.* at 734–35.  The court explained that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment," as the failure at step three results in

"harmless error." *Id.* at 733. Harmless error occurs "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 733–34. Additionally, the court reasoned that the harmless error analysis reflects sound policy because it prevents "unwarranted remands [that] needlessly prolong[] administrative proceedings." *Id.* at 730.

The ALJ found and the parties do not contest that Mr. Simpson had degenerative disc disease in his lower back. The Commissioner contends that because the ALJ found Mr. Simpson could perform sedentary work, any failure to analyze Listing 1.04(A) is harmless because the ability to work means his disability does not rise to a listing level. Unfortunately, the ALJ's opinion does not include enough analysis of the evidence regarding Mr. Simpson's back pain to draw that conclusion exclusively. Evidence does appear to exist in the record to support the Listing or its equivalent. One could also view the evidence as not supporting the Listing or its equivalent. The ALJ does not discuss much of this evidence, focusing instead on Mr. Simpson's physical capabilities. Because one could draw either conclusion and the ALJ's opinion does not address much of the evidence that would support a finding that Mr. Simpson meets the Listing, the Court must remand to the ALJ for further findings.

> Specifically, Mr. Simpson points to the following record evidence:
>
> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain—Tr. 292 ("likely L4 nerve root impingement . . . consistent with the right lower extremity pain and weakness"); 314 (Dr. Johnsen finds "likely L4 route impingement" and an "overreaction to pain" but "back issues," nonetheless); 366-67 ("pain radiates down his right leg all the way to his foot"; "FINAL DIAGNOSIS: Exacerbation of lumbar radiculopathy.").
>
> Limitation of motion of the spine—Tr. 314 ("Range of motion was all within normal limits except for back rotation 40 degrees, backward extension 25 degrees, hips flexion knees straight 85 degrees, knees bent 130 degrees."); 362 ("Msk: decreased ROM")

6

>Motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss –Tr. 292-93 (Mr. Simpson complains of numbness and tingling in his foot and difficulty with ambulation; following lumbar spine MRI Dr. Delcore finds MRI "consistent with the right lower extremity pain and weakness."); 313 ("The claimant had a limping gait favoring the right side."); 314 ("The claimant had more difficulty walking on toes than heels. . . . "[C]laimant could hop on one foot with moderate difficulty")
>
>Positive straight-leg raising test (sitting and supine)—Tr. 293 ("positive right straight leg sigh with tripod")

The ALJ's decision as a whole "does not suggest an explicit, definitive basis for rejection of the listings." See *Fischer-Ross*, 431 F.3d at 734. The Commissioner's arguments regarding the evidence reflect a possible basis to reject the Listing but do not reflect the only result a reasonable administrative factfinder could reach. Given the ambiguities in the evidence and the lack of analysis of that evidence, the Court cannot find the failure to discuss Listing 1.04(A) harmless, and REMANDS for further findings regarding whether Mr. Simpson's severe impairments meet or equal Listing 1.04(A).

DATED this September 23, 2016.

>BY THE COURT:
>
>_____
>Evelyn J. Furse
>United States Magistrate Judge